NO. 12-02-00130-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


§
 APPEAL FROM THE 7TH

IN THE INTEREST OF

§
 JUDICIAL DISTRICT COURT OF

M.W., A CHILD

§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Diana Bryant ("Bryant") appeals the termination of her parental rights. Bryant presents three
issues on appeal. We affirm.


Background


 Bryant and Tony Brent Warren ("Tony") are the parents of M.W. Sammy Warren ("Warren")
is M.W.'s paternal grandfather, and Bessie Bryant ("Bessie") is M.W.'s maternal grandmother. A
custody suit was initiated by Tony against Bryant when M.W. was approximately three years old. 
Linda Warren ("Linda"), M.W.'s paternal grandmother, intervened in the suit. Following the
apparently acrimonious custody suit, Linda had "primary custody" of M.W. On February 28, 1998,
Bryant shot and killed Linda in M.W.'s presence. Bryant was convicted of murder in Smith County,
Texas, and was sentenced to life in prison. 

 On April 9, 1998, Warren was appointed temporary managing conservator of M.W., and
Bryant and Tony were appointed temporary possessory conservators. However, the court ordered that
Bryant should not have any contact or visitation with M.W. On August 15, 2001, Warren filed an
amended intervention in the ongoing custody suit, (1) seeking to be appointed managing conservator.
Warren also asked the court to terminate Bryant's parental rights and appoint Tony as possessory
conservator. (2) At some point, Bessie petitioned the trial court for grandparent access. On December
17, 2001, a jury trial was held, and all parties but Tony appeared for trial. The proposed jury charge
contained instructions that included a recitation of the rights and responsibilities of a parent, a
definition of "clear and convincing evidence,"and a list of factors to consider in determining the best
interest of the child. The charge alleged four statutory predicate grounds for termination disjunctively,
and instructed the jury that termination must also be in the child's best interest. Further, the jury
charge proposed one broad-form question that asked if the parent-child relationship should be
terminated. Bryant did not object to the jury charge. On December 19, 2001, a unanimous jury found
that the parent-child relationship between Bryant and M.W. should be terminated, that Bessie should
be denied grandparent access, and that Warren should be appointed sole managing conservator of
M.W. On February 21, 2002, the court ordered the parent-child relationship between Bryant and
M.W. terminated, denied Bessie grandparent access, and appointed Warren managing conservator of
the child. This appeal followed.


Jury Charge Error

 In her first issue, Bryant concedes that she did not object to the jury charge at trial. However,
she contends that a jury charge error on a core issue in a termination case may be raised on appeal
even when no objection was asserted at trial. In her second and third issues, Bryant contends that
reversal and remand are necessary because an invalid claim was included in the jury charge, and the
broad-form submission format conflicted with the "super majority" requirement in termination cases,
violating her fundamental rights and right to due process. These last two issues may be reviewed only
if jury charge error was not waived. Although Warren agrees that unpreserved jury charge error may
be raised on appeal, we must determine whether case law supports Bryant's argument.

Applicable Law

 In order to present an issue for appellate review, the record must show that a complaint was
made to the trial court by a timely request, objection, or motion. Tex. R. App. P. 33.1(a)(1). The
request, objection, or motion must state the grounds for the ruling that the complaining party sought
from the trial court with sufficient specificity to make the trial court aware of the complaint. Tex. R.
App. P. 33.1(a)(1)(A). The trial court must have ruled on the request, objection, or motion, either
expressly or implicitly. Tex. R. App. P. 33.1(a)(2)(A). If the trial court refused to rule, the
complaining party must have objected to the refusal. Tex. R. App. P. 33.1(a)(2)(B). 

 Nonetheless, Bryant cites two cases in which the Waco Court of Appeals held that procedural
due process in a termination case mandates appellate review of unpreserved complaints that involve
the two core issues to be decided by a jury in a termination case. In re J.F.C., 57 S.W.3d 66, 72 (Tex.
App.-Waco 2001), rev'd on other grounds, 96 S.W.3d 256, 259-60 (Tex. 2002); In re A.P., 42
S.W.3d 248, 254-56 (Tex. App.-Waco 2001, no writ), disapproved on other grounds, In re J.F.C.,
96 S.W.3d 256, 267 n.39 (Tex. 2002). The two core issues in a jury charge are the statutory predicate
grounds for termination and whether termination is in the best interest of the child. In re J.F.C., 57
S.W.3d at 72 n.5. However, these cases are not controlling.

 In In re B.L.D., 46 Tex. Sup. Ct. J. 978, 2003 WL 21512622 (July 3, 2003), the trial court
submitted the two grounds for termination alleged against each parent disjunctively and four broad-form questions, requiring the jury to determine whether the parent-child relationship should be
terminated between each parent and each child. Id. at 980. Neither the parents nor the Department
objected to the form of the jury charge. Id. On appeal, the court of appeals held that submission of
the grounds for termination disjunctively, together with the broad-form jury questions, violated due
process in termination cases. Id. 

 The Texas Supreme Court reversed the judgment of the court of appeals, pointing out recent
decisions holding that "complaints of error in broad-form submission must be preserved by objection
at trial." Id. at 984, 988 (citing Harris County v. Smith, 96 S.W.3d 230, 236 (Tex. 2002); Crown Life
Ins. Co. v. Casteel, 22 S.W.3d 378, 389 (Tex. 2000)). The court could find no precedent in criminal
or civil jurisprudence to support the court of appeals' conclusion that "core" jury charge issues in
termination cases should be reviewed even if not preserved. Id. at 985. Further, using the United
States Supreme Court's analytical framework for determining whether termination procedures
satisfied due process, the court found that, as a general rule, due process "does not mandate that
appellate courts review unpreserved complaints of charge error in parental rights termination cases." 
Id. at 985-87. Consequently, the court held that, under the circumstances, "a court of appeals must
not retreat from our error-preservation standards to review unpreserved charge error in parental rights
termination cases." Id. at 988.

Analysis

 At trial, Bryant failed to object to the charge and, thus, her complaint of jury charge error was
unpreserved. As in In re B.L.D., the jury charge followed precedent regarding broad-form questions,
tracked the statutory language of the Family Code, and complied with Texas Rules of Civil Procedure
277 and 292. See id. Therefore, according to the Texas Supreme Court, we may not review on appeal
Bryant's unpreserved jury charge error. See id. Accordingly, Bryant's first issue is overruled.


Conclusion

 Having determined that we cannot review unpreserved jury charge error, it is unnecessary for
us to address Bryant's second and third issues. Tex. R. App. P. 47.1. Therefore, the judgment of the
trial court is affirmed.




 DIANE DEVASTO 

 Justice



Opinion delivered September 30, 2003.

Panel consisted of Worthen, C.J. and DeVasto, J.

Griffith, J., not participating




(PUBLISH)
1. Warren's intervention was filed in the same custody suit previously referred to between Bryant, Tony, and
Linda.
2. The record does not contain the initial filings in the custody suit previously referred to between Tony,
Bryant, and Linda. Further, the record fails to include the order awarding Linda "primary custody" of M.W. There
is, in fact, no document in the record that was filed before the court's order appointing Warren temporary managing
conservator of M.W. on April 9, 1998.