ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 27, 2006

The Honorable Jane Nelson
Chair, Committee on Health and Human
  Services
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

The Honorable Suzanna Hupp
Chair, Committee on Human Services
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0406

Re: Whether a telephone interview satisfies an
attorney ad litem's duty under Texas Family Code
section 107.004(d) to meet with the child before
each court hearing or, if the child is under four
years of age, with the individual with whom the
child ordinarily resides; whether a court has
meaningful discretion to determine that the
attorney ad litem has shown good cause for not
complying with this section   (RQ-0387-GA)

Dear Senator Nelson and Representative Hupp:

You ask whether a telephone interview satisfies an attorney ad litem's duty under Texas Family Code section 107.004(d) to meet with the child before each court hearing or, if the child is under four years of age, with the individual with whom the child ordinarily resides.[1] You also ask whether, given the language of section 107.004(e), a court has "meaningful discretion" to determine that the attorney ad litem has shown good cause for not complying with section 107.004(d). *See* Request Letter, *supra* note 1.

During its last regular session the legislature made a number of changes concerning the state's child and adult protective services. *See* Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 1.04(a), 2005 Tex. Gen. Laws 621, 622. The legislature added the following requirement to the duties of an attorney ad litem appointed for a child in a proceeding under chapter 262 (" Procedures in Suit by Governmental Entity to Protect Health and Safety of Child") or chapter 263 ("Review of Placement of Children under Care of Department of Protective and Regulatory Services"):

> (d) Except as provided by Subsection (e), an attorney ad litem
> appointed for a child in a proceeding under Chapter 262 or 263 shall
> meet before each court hearing with:

---

[1]*See* Letter from Honorable Jane Nelson, Chair, Senate Committee on Health and Human Services, and Honorable Suzanna Hupp, Chair, House Committee on Human Services, to Honorable Greg Abbott, Attorney General of Texas (Aug. 24, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

        (1)  the child, if the child is at least four years of age; or

        (2)  the individual with whom the child ordinarily resides, including the child's parent, conservator, guardian, caretaker, or custodian, if the child is younger than four years of age.

(e)  An attorney ad litem appointed for a child in a proceeding under Chapter 262 or 263 is not required to comply with Subsection (d) before a hearing if the court finds at that hearing that the attorney ad litem has shown good cause why the attorney ad litem's compliance with that subsection is not feasible or in the best interest of the child.

*Id.* (codified at TEX. FAM. CODE ANN. § 107.004(d)–(e) (Vernon Supp. 2005)). You ask first whether an interview over the telephone would satisfy the new requirement to "meet" with the child or the individual with whom the child ordinarily resides. *See* Request Letter, *supra* note 1; TEX. FAM. CODE ANN. § 107.004(d) (Vernon Supp. 2005).

The primary goal of statutory construction is to ascertain and give effect to the legislature's intent. *See Tex. Natural Res. Conservation Comm'n v. Lakeshore Util. Co.*, 164 S.W.3d 368, 378 (Tex. 2005). To achieve that goal, the language of a statute must be construed in context and the statute should be construed as a whole rather than as isolated provisions. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005); *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). One provision should not be given "a meaning out of harmony or inconsistent with other provisions, although it might be susceptible to such a construction standing alone." *See Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001).

An attorney ad litem is an attorney appointed to provide legal services to a child and who owes the child "duties of undivided loyalty, confidentiality, and competent representation." TEX. FAM. CODE ANN. § 107.001(2) (Vernon Supp. 2005). An attorney ad litem's duties are set out principally in sections 107.003 and 107.004. *See id.* §§ 107.003–.004. An attorney ad litem who fails to perform duties required by either section is subject to professional disciplinary action. *See id.* § 107.0045.

Section 107.004(d) does not specifically state what it means to "meet" with the child or person with whom the child resides. *See id.* § 107.004(d). When words do not have a technical or particular meaning by definition or otherwise, we are to give them their ordinary meanings. *See* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005). In the context of a person meeting with another person, the word commonly means "to come into the presence of," "to come together with [especially] at a particular time or place," or "to come face-to-face." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 723 (10th ed. 1993); *see also Pitts v. State*, 16 S.W. 189, 190 (Tex. Ct. App. 1891, no pet.) (noting dictionary definition of the word "meet" as to "come together by mutual approach," "to fall in with another," "to come face to face," "to converge"). In this sense, to "meet" is to encounter in person.

To "meet" may also mean "to enter into conference, argument, or personal dealings with." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 723 (10th ed. 1993). That sense of the word would not necessarily exclude a telephonic conference. For example, in another context the Family Code defines the related word "meeting" to mean "an in-person meeting or a meeting held by telephone or other electronic medium." *See* TEX. FAM. CODE ANN. § 264.501(7) (Vernon 2002) (concerning meetings of a child fatality review team committee). Thus, the common meaning of the word "meet," in isolation, does not resolve the question.

However, we are to read statutes as a whole and in light of related provisions. *See Helena Chem. Co.*, 47 S.W.3d at 493. Accordingly, we review the duty to meet with the child in the context of the attorney ad litem's other statutory duties. Under section 107.003(a), an attorney ad litem has the duty within a reasonable time after the appointment to "interview" (1) the child if the child is four years of age or older, (2) persons with significant knowledge of the child's history and condition, and (3) the parties to the suit. *See* TEX. FAM. CODE ANN. § 107.003(1)(A)(i)–(iii) (Vernon Supp. 2005). The attorney must "seek to elicit in a developmentally appropriate manner the child's expressed objectives of representation." *Id.* § 107.003(1)(B).

Section 107.004 not only requires the attorney to meet with a child four years of age or older before hearings, but also generally to "represent the child's expressed objectives of representation and follow the child's expressed objectives of representation during the course of litigation if the attorney ad litem determines that the child is competent to understand the nature of an attorney-client relationship and has formed that relationship with the attorney ad litem." *Id.* § 107.004(a)(2). Additionally, section 107.004 requires an attorney ad litem, "as appropriate, considering the nature of the appointment," to "become familiar with the American Bar Association's standards of practice for attorneys who represent children in abuse and neglect cases, the suggested amendments to those standards adopted by the National Association of Counsel for Children, and the American Bar Association's standards of practice for attorneys who represent children in custody cases." *Id.* § 107.004(a)(3).

The standards and amendments referenced in the statute stress the importance of meeting with a child in person. For example, standard C-1 of the standard concerning abuse and neglect cases states:

> **C-1. Meet With Child.** Establishing and maintaining a relationship with a child is the foundation of representation. Therefore, irrespective of the child's age, the child's attorney should visit with the child prior to court hearings and when apprised of emergencies or significant events impacting on the child.
>
> *Commentary*
>
> *Meeting with the child is important before court hearings and case reviews. In addition, changes in placement, school suspensions, in-patient hospitalizations, and other similar changes warrant*

> *meeting again with the child. Such in-person meetings allow the*
> *lawyer to explain to the child what is happening, what alternatives*
> *might be available, and what will happen next. This also allows the*
> *lawyer to assess the child's circumstances, often leading to a greater*
> *understanding of the case, which may lead to more creative solutions*
> *in the child's interest. A lawyer can learn a great deal from meeting*
> *with child clients, including a preverbal child. See, e.g., JAMES*
> *GARBARINO, ET AL[.], WHAT CHILDREN CAN TELL US:*
> *ELICITING, INTERPRETING, AND EVALUATING CRITICAL*
> *INFORMATION FROM CHILDREN (1992).*

AMERICAN BAR ASSOCIATION, STANDARDS OF PRACTICE FOR LAWYERS WHO REPRESENT CHILDREN IN ABUSE AND NEGLECT CASES C-1 (1996) at 7, *available at* http://www.abanet.org/child/repstandwhole.pdf.[2] To "[m]eet with the child" under these standards requires an attorney to meet in person with the child in order to facilitate communication and assess the child's circumstances to achieve a "greater understanding of the case." *Id.* The statute appears to contemplate that an attorney ad litem appointed for chapter 262 or chapter 263 purposes will meet in person with the child, or if the child is under four years of age, with the adult with whom the child ordinarily resides. Consequently, a telephone interview would not satisfy the duty under section 107.004(d).

Section 107.004(e) relieves an attorney ad litem of the duty to comply with section 107.004(d) before a hearing if "the court finds at that hearing that the attorney ad litem has shown good cause why the attorney ad litem's compliance with that subsection is not feasible or in the best interest of the child." TEX. FAM. CODE ANN. § 107.004(e) (Vernon Supp. 2005). You ask whether the phrase "not feasible" in section 107.004(e) gives a court "meaningful discretion" to find that an attorney showed good cause for not complying with section 107.004(d). *See* Request Letter, *supra* note 1. The word "feasible" is not statutorily defined, but commonly means "capable of being done." *Am. Textile Mfrs. Inst. v. Donovan*, 452 U.S. 490, 508 (1981) (noting dictionary definitions of "feasible" as "'capable of being done, executed, or effected,'" "'[c]apable of being done, accomplished or carried out,'" and "'[t]hat may be done, performed or effected'") (citations omitted); *accord Harris County v. Smith*, 96 S.W.3d 230, 235 (Tex. 2002) (equating "feasible" with "practicable"); *Tex. Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990) (determining that "whenever feasible" means "in any or every instance in which it is capable of being accomplished"). As we are to apply the common meaning of words, *see* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005), we conclude that under section 107.004(e), a trial court's discretion to find good cause based on feasibility requires the court to find that compliance was not practicable or capable of being done.

---

[2]*See also* AMERICAN BAR ASSOCIATION, STANDARDS OF PRACTICE FOR LAWYERS WHO REPRESENT CHILDREN IN ABUSE AND NEGLECT CASES (Nat'l Ass'n of Counsel for Children, Revised Version, amended Apr. 21, 1999) at 13, *available at* http://www.naccchildlaw.org/documents/abastandardsnaccrevised.doc; AMERICAN BAR ASSOCIATION, SECTION OF FAMILY LAW STANDARDS OF PRACTICE FOR LAWYERS REPRESENTING CHILDREN IN CUSTODY CASES III-E (2003) at 4, *available at* http://www.abanet.org/family/Approved%20standards%20practice.pdf.

We note, however, that section 107.004(e) also permits a finding of good cause because compliance would not be in the best interest of the child. *See* TEX. FAM. CODE ANN. § 107.004(e) (Vernon Supp. 2005). And under that standard we believe a trial court could consider other duties of the attorney ad litem, such as the duty to take actions necessary to expedite proceedings. *See id.* § 107.003(1)(G). Consequently, we conclude that a court has discretion under 107.004(e) to determine that an attorney has established good cause for noncompliance if it finds that compliance was impracticable, not capable of being done or was not in the best interest of the child. Of course, whether an attorney has demonstrated good cause will depend on the facts of the particular case. *See Furr's Supermarkets, Inc., v. Bethune*, 53 S.W.3d 375, 376–77 (Tex. 2001) (observing in another context that "'[g]ood cause' is an elusive concept that varies from case to case").

## S U M M A R Y

Texas Family Code section 107.004(d) requires an attorney ad litem appointed for chapter 262 or chapter 263 purposes to meet in person with a child before each court hearing or, if the child is under four years of age, with the adult with whom the child ordinarily resides. This statutory duty may not be satisfied by conducting a telephone interview. A court has discretion to determine that an attorney ad litem has established good cause for noncompliance with that section if the court finds that compliance was impracticable, not capable of being done or was not in the best interest of the child.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee