Opinion filed April 1, 2010, Withdrawn, Appeal Dismissed and En Banc
Majority Opinion and Concurring and Dissenting Opinions filed August 5, 2010.

 

In The

 

Fourteenth Court of Appeals

___________________

 

NO. 14-08-00489-CV

___________________

 

WESTERNGECO RESOURCES INC.,
Appellant

 

V.

 

DAROLD BURCH, Appellee



 



 

On
Appeal from the 270th District Court

Harris County,
Texas



Trial Court Cause No. 2006-74396

 



 

 

CONCURRING AND DISSENTING OPINION

I concur in the en banc court’s decision to vacate the
appellate court judgment and dismiss this appeal.  I respectfully dissent from
the en banc court’s decision to withdraw the panel opinion filed on April 1,
2010.

The April 1, 2010 panel opinion applied the holdings
in Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 387-90 (Tex. 2000),
and Harris County v. Smith, 96 S.W.3d 230, 234-36 (Tex. 2002), to a
properly preserved and properly briefed complaint in this personal injury
action that the trial court erred by refusing a request to break out certain damage
elements separately in the jury charge.

The elements at issue here involved future medical
damages related to (1) a neck injury attributed to the occurrence, and (2) a
shoulder injury also attributed to the occurrence.  There was no contention
that the state of the evidence precluded differentiation of future medical
expenses related to the neck from future medical expenses related to the
shoulder.  See generally Texarkana Mem’l. Hosp. v. Murdock, 946 S.W.2d
836, 840 (Tex. 1997) (plaintiff must link specific medical expenses to the
liability-causing conduct when there is evidence of multiple medical problems,
some of which may be attributable to the liability-causing conduct and some of
which may not be attributable to it; “[a] plaintiff should recover only for
medical expenses specifically shown to result from treatment made necessary by
the negligent acts or omissions of the defendant, where such a differentiation
is possible.”).  Over objection, these elements were combined in the charge so
that the jury was asked to find a single dollar amount in a single answer blank
for “[m]edical care that, in reasonable probability, Darold Burch will sustain
in the future.”

The opinion concluded there was no evidence to
support a damage award for future medical care relating to Burch’s shoulder
because there was no evidence to establish (1) that Burch will require future
medical care for his shoulder problem in reasonable probability, and (2) the
estimated cost of such care.  Because there was no evidence to support a damage
award for future medical care relating to Burch’s shoulder, the panel concluded
that the trial court erred under Harris County by refusing a request to
break out the challenged damage element separately in the jury charge.  See
Harris County, 96 S.W.3d at 234-36.  The unanimous decision was designated
as a full “Opinion” under Texas Rule of Appellate Procedure 47.2(a).

Burch timely filed a motion for panel rehearing and
for rehearing en banc.  See Tex. R. App. P. 49.1, 49.7.  Before the
court issued rulings on the motions for rehearing, Burch filed an unopposed “Motion
to Withdraw Opinion Pursuant to Settlement” under Texas Rule of Appellate
Procedure 42.1(c) in which he (1) announced that the parties have settled; (2) stated
his desire to withdraw his motions for rehearing and rehearing en banc; and (3)
asked the court to exercise its discretion to withdraw the April 1, 2010 panel opinion.


The circumstances described in the motion do not
warrant withdrawal of the April 1, 2010 panel opinion.  “A settlement does not
automatically require the vacating of a court of appeals’ opinion — either by
this court or by the intermediate appellate court.”  Houston Cable TV, Inc.
v. Inwood W. Civic Ass’n, 860 S.W.2d 72, 73 (Tex. 1993) (per curiam).  “Our
courts are endowed with a public purpose — they do not sit merely as private
tribunals to resolve private disputes.”  Id.  “While settlement is to be
encouraged, a private agreement between litigants should not operate to vacate
a court’s writing on matters of public importance.”  Id.

Other courts have followed the supreme court’s
teaching on this point.  See, e.g., Polley v. Odom, 963 S.W.2d 917, 918
(Tex. App.—Waco 1998, order, no pet.) (per curiam) (“Because our opinion in
this case addresses matters of public importance, our duty as a public tribunal
constrains us to publish our decision.”); Vida v. El Paso Employees’ Fed.
Credit Union, 885 S.W.2d 177, 182 (Tex. App.—El Paso 1994, no writ)
(“Although this Court certainly encourages the settlement of controversies . .
. we do not sit as a purely private tribunal to settle private disputes.  We
believe that our opinion in this case involves matters of public importance,
and our duty as an appellate court requires that we publish our decision.”). 
This court should follow the supreme court’s teaching, too.

Apart from questions of appellate duty to decide
matters of public importance, legitimate concerns also can be raised about
whether the court creates unhealthy incentives for future litigants when it withdraws
an already-issued opinion pursuant to the parties’ settlement.  See U.S.
Bancorp Mortgage Co. v. Bonner Mall P’ship, 513 U.S. 18, 28 (1994) (“Some
litigants, at least, may think it worthwhile to roll the dice rather than
settle in the district court, or in the court of appeals, if, but only if, an
unfavorable outcome can be washed away by a settlement-related vacatur.”)
(original emphasis).

By withdrawing the April 1, 2010 panel opinion pursuant
to the parties’ settlement, the court does more than Rule 42.1(c) requires and
less than Rule 47.1 demands.  Accordingly, I respectfully dissent.

 

                                                                        

                                                                        /s         William
J. Boyce

                                                                                    Justice

 

 

En Banc
Majority and Dissenting and Concurring Opinions filed.

En
Banc Court consists of Chief Justice Hedges and Justices Yates, Anderson,
Frost, Seymore, Brown, Boyce, Sullivan, and Christopher (Hedges, C.J.,
Anderson, J., and Frost, J., join this concurring and dissenting opinion).

(Frost,
J. concurring and dissenting) (Boyce, J. joins).