RUSSELL LLOYD, Justice,
dissenting to denial of en banc reconsideration.
I respectfully dissent to the Court’s denial of en banc reconsideration in this case.
The Texas Supreme Court has repeatedly reaffirmed its commitment to the submission of broad form questions, and.has rejected attempts to expand the presumed harm analysis of Crown Life Insurance Co. v. Casteel, 22 S.W.3d 378 (Tex.2000), beyond those cases involving multiple theories of liability and multiple elements of damages. See, e.g., Thota v. Young, 366 S.W.3d 678, 688-89 (Tex.2012) (explaining Casteel and its progeny and refusing to extend presumed harm analysis to alleged combination of errors of submitting contributory negligence question and inferential rebuttal instruction). Even if the trial court erred in denying Dr. Benge’s requested instruction (or a similar one limiting the jury’s consideration of Williams’s evidence about what Dr. Benge told her regarding Dr. Giacobbe to assessing Dr. Benge’s credibility for determining the ultimate issue in the case), such error would not automatically trigger a situation where we must presume the.error was harmful. See id. at 693. As the court in Thota noted, “[i]f presumed harm analysis were required, then our fundamental commitment to submitting broad-form questions, whenever feasible, would routinely be discarded for separate granulated submissions.” Id. This view is also consistent with the Texas. Supreme Court’s recognition-that “in most cases where a trial court errs by refusing to, give a proposed instruction the harm analysis will be based on whether the refusal probably caused the rendition of an improper judgment.” Columbia Rio Grande Healthcare, L.P. v. Hawley, 284 S.W.3d 851, 865 (Tex.2009).
The complained-of evidence was an indispensable part of Williams’s case and would have come in under any presentation of the case. Williams unequivocally stated that Dr. Benge’s testimony that she had “g[iven him] consent to have Dr. Giacobbe participate in the surgery” was false, and accused Dr. Benge of being intentionally deceitful and unethical in violation of the American Medical Association’s Code of Medical Ethics. In support of her negligence claim, Williams introduced evidence regarding Dr. Giacobbe’s role in the surgery in order to attack Dr. Benge’s credibility .with regard to whether he acted unethically and deceptively. A jury’s consideration of evidence of duty, breach, causation, and injury in determining a physician’s liability for breach of the standard of professional care and damages for a professional negligence claim is not tantamount to consideration of commingled valid and invalid theories of liability. Submission of an- invalid theory of liability involves a trial court’s error in affirmatively instructing a jury to. consider erroneous matters. See Hawley, 284 *744 S.W.3d at 864-65; see also Bed, Bath & Beyond, Inc. v. Urista, 211 S.W.3d 753, 756 (Tex.2006) (“We specifically limited our holdings in Casteel and Harris County [v. Smith, 96 S.W.3d 230 (Tex.2002) ] to submission óf a broad-form question incorporating multiple theories of liability or multiple damage elements”) (emphasis added).
Because the panel majority’s holding is incompatible with Casteel, Hawley, and Thota, I respectfully dissent to the denial of en baric reconsideration. See Tex. R.App. P. 41.2(c) (“extraordinary circumstances require en banc consideration”).