**Opinion issued September 22, 2015**



**In The**
**Court of Appeals**
**For The**
**First District of Texas**

————————————

**NO. 01-12-00578-CV**

————————————

**JIM P. BENGE, M.D., AND KELSEY-SEYBOLD MEDICAL GROUP,**
**PLLC, Appellants**
**V.**
**LAUREN WILLIAMS, Appellee**

**On Appeal from the 164th District Court**
**Harris County, Texas**
**Trial Court Case No. 2010-52657**

## OPINION DISSENTING TO DENIAL OF EN BANC RECONSIDERATION

I respectfully dissent to the Court's denial of en banc reconsideration in this case.

The Texas Supreme Court has repeatedly reaffirmed its commitment to the submission of broad form questions, and has rejected attempts to expand the presumed harm analysis of *Crown Life Insurance Co. v. Casteel*, 22 S.W.3d 378 (Tex. 2000), beyond those cases involving multiple theories of liability and

multiple elements of damages. *See, e.g., Thota v. Young*, 366 S.W.3d 678, 688–89 (Tex. 2012) (explaining *Casteel* and its progeny and refusing to extend presumed harm analysis to alleged combination of errors of submitting contributory negligence question and inferential rebuttal instruction). Even if the trial court erred in denying Dr. Benge's requested instruction (or a similar one limiting the jury's consideration of Williams's evidence about what Dr. Benge told her regarding Dr. Giacobbe to assessing Dr. Benge's credibility for determining the ultimate issue in the case), such error would not automatically trigger a situation where we must presume the error was harmful. *See id.* at 693. As the court in *Thota* noted, "[i]f presumed harm analysis were required, then our fundamental commitment to submitting broad-form questions, whenever feasible, would routinely be discarded for separate granulated submissions." *Id.* This view is also consistent with the Texas Supreme Court's recognition that "in most cases where a trial court errs by refusing to give a proposed instruction the harm analysis will be based on whether the refusal probably caused the rendition of an improper judgment." *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 865 (Tex. 2009).

The complained-of evidence was an indispensable part of Williams's case and would have come in under any presentation of the case. Williams unequivocally stated that Dr. Benge's testimony that she had "g[iven him] consent

2

to have Dr. Giacobbe participate in the surgery" was false, and accused Dr. Benge of being intentionally deceitful and unethical in violation of the American Medical Association's Code of Medical Ethics. In support of her negligence claim, Williams introduced evidence regarding Dr. Giacobbe's role in the surgery in order to attack Dr. Benge's credibility with regard to whether he acted unethically and deceptively. A jury's consideration of evidence of duty, breach, causation, and injury in determining a physician's liability for breach of the standard of professional care and damages for a professional negligence claim is not tantamount to consideration of commingled valid and invalid theories of liability. Submission of an invalid theory of liability involves a trial court's error in *affirmatively* instructing a jury to consider erroneous matters. *See Hawley*, 284 S.W.3d at 864–65; *see also Bed, Bath & Beyond, Inc. v. Urista*, 211 S.W.3d 753, 756 (Tex. 2006) ("We specifically limited our holdings in *Casteel* and *Harris County* [*v. Smith*, 96 S.W.3d 230 (Tex. 2002)] to *submission* of a broad-form question incorporating multiple theories of liability or multiple damage elements.") (emphasis added).

Because the panel majority's holding is incompatible with *Casteel*, *Hawley*, and *Thota*, I respectfully dissent to the denial of en banc reconsideration. *See* TEX. R. APP. P. 41.2(c) ("extraordinary circumstances require en banc consideration").

3

Russell Lloyd
Justice


Panel consisted of Justices Keyes, Bland, and Brown.

En banc reconsideration was requested. *See* TEX. R. APP. P. 49.7.

Chief Justice Radack and Justices Jennings, Keyes, Higley, Bland, Massengale, Brown, Huddle, and Lloyd participated in the vote to determine en banc reconsideration.

A majority of the Court voted to deny en banc reconsideration. *See* TEX. R. APP. P. 49.7.

Justice Jennings, joined by Justices Keyes and Higley, dissenting to the denial of en banc reconsideration with separate opinion.

Justice Keyes, dissenting to the denial of en banc reconsideration with separate opinion.

Justice Lloyd, dissenting to the denial of en banc reconsideration with separate opinion, joined by Justices Keyes and Higley.

Justice Brown, joined by Justice Bland, writing a supplemental opinion on motion for en banc reconsideration.