# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10447

United States Court of Appeals
Fifth Circuit

**FILED**
March 22, 2018

Lyle W. Cayce
Clerk

BRIANNA PARKER,

> Plaintiff - Appellant

v.

BILL MELTON TRUCKING, INCORPORATED; FRANKIE THACKER, as the Representative of the Estate of Charles Edward Thacker; TRIPLE E BROKERAGE, INCORPORATED; DARR EQUIPMENT COMPANY,

> Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-2528

Before BARKSDALE, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:*

Although a jury returned a verdict for Brianna Parker in her negligence action against, *inter alia*, Bill Melton Trucking, Inc., Parker challenges the district court's: granting Darr Equipment Co. and Triple E Brokerage, Inc.'s, motions to dismiss; denying her motion for new trial based on, *inter alia*, attorney misconduct; and denying her post-verdict motions for judgment as a

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-10447

matter of law, including for future medical expenses. Having reviewed the briefs and pertinent parts of the record, and heard oral argument, the judgment is AFFIRMED.

No. 17-10447

JENNIFER WALKER ELROD, Circuit Judge, concurring:

I concur in the panel opinion but write separately to note that some of the issues on appeal in this case arise because the jury verdict form did not include separate answer lines for each element of damages. Both parties requested that the court include answer lines for the separate damages elements, as is consistent with the Texas Pattern Jury Charges. Texas Pattern Jury Charges–General Negligence § 28.3 (2016 ed.). This is a diversity case, and in Texas state courts it can be reversible error to not include separate damages categories in the jury charge. *See Harris County v. Smith*, 96 S.W.3d 230, 234 (Tex. 2002). While it is not mandatory to follow Texas procedural rules in issuing a jury charge, a jury verdict with separate damages categories would have been helpful to the court's review. *See Broad. Satellite Int'l, Inc. v. Nat'l Dig. Television Ctr., Inc.*, 323 F.3d 339, 347 (5th Cir. 2003) ("In a diversity case, the substance of jury charges is governed by state law, but the form or manner of giving the instruction is controlled by federal law."). Nonetheless, the fact that the damages are not apportioned here does not affect the outcome of the case.