Affirmed and Memorandum Opinion filed April 27, 2006









Affirmed
and Memorandum Opinion filed April 27, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00060-CV

____________

 

DIANA J. KEMP, Appellant

 

V.

 

REBECCA D. HAVENS, Appellee

 



 

On Appeal from the County
Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 799,030

 



 

M E M O R A N D U M   O P I N I O N








Rebecca D. Havens sued Diana J. Kemp for
personal injuries resulting from an automobile collision on the Gulf Freeway in
Houston.  Havens alleged that Kemp=s negligence
caused her to suffer severe back and neck pain and to incur various
damages.  At trial, Kemp stipulated to
liability, and Havens was the only witness to testify.  The jury awarded Havens damages for past
medical expenses, past physical pain and suffering, and past physical
impairment.  On appeal, Kemp challenges
the causal link between the collision and the damages awarded.  Specifically, she claims that some evidence
of newly herniated disks was improperly admitted before the jury and that part
of the damages awarded Havens may be based on this improper evidence.  Kemp also contends the trial court committed
cumulative error by allowing Havens to testify that she might need future
surgery.  For the reasons discussed
below, we affirm.

The Trial

Rebecca Havens testified that she suffered
several Abulging disks@ in her lumbar
spine in 1999 as a result of a heavy dresser falling on her.  She consulted Dr. Murphy, a neurosurgeon, and
Dr. Awitan, an orthopedic surgeon, and eventually had a laminectomy with fusion
surgery on her back.  Havens continued to
have follow-up care with the two doctors. 
As part of her care, Havens had several post-surgery MRIs of her spine,
including one performed approximately two months before the collision. 

The collision occurred on February 14,
2002.  Havens testified that, upon
impact, her head Apopped back, forward and back.@  Right after the accident, she had a headache,
which she believed to be stress-related, and did not report any injuries to the
police officer at the scene.  Later that
night, she began to suffer neck and back pain, and went to the emergency room.  There, after undergoing x-rays and tests, she
was diagnosed as having whiplash.  The
emergency room doctors told Havens to see the physician who treated her for her
previous back troubles.








After the collision, Havens again saw Dr.
Awitan, who reviewed her x-rays and also diagnosed her with whiplash.[1]  He instructed her to have another MRI
performed.  The findings on this MRI
included references to Aherniation@ in the same areas
of Havens= spine that were identified in the
pre-collision MRIs.[2]  Havens read the MRI findings to the jury
without objection by Kemp.[3]  Over objection, Havens testified that to her
knowledge she did not have the herniation before the collision.  She also testified that she might need
surgery in the future.  

Before the collision, Havens testified,
she had not had any problems with her neck. 
She also felt good enough to discontinue the pain medication she had
been taking for her back.  And, although
she was still unable to pick up her children, she had begun to engage in more
daily activities around the home, and no longer wore a brace.  Since the collision, however, she told the
jury, she has suffered pain in her neck and worsened back pain.  She also suffers from frequent headaches, and
her daily activities are more limited. 
Her pain has altered her physical relationship with her husband and
affected her work.  Havens= medical bills,
totaling $8,650.26, were admitted into evidence without objection.

On cross-examination, Havens acknowledged
she had preexisting physical ailments; she was diagnosed with degenerative disk
disease and lumbar spondylosis, and she suffered from arthritis pain.  Havens also admitted that she did not quit
smoking as her doctor advised her, despite a warning that she might need
surgery again if she did not quit.  Havens
also acknowledged that the MRI taken shortly before the collision showed that
her preexisting condition had worsened. 
On redirect, Havens= counsel sought to
ask Havens to compare the pre- and post-collision MRIs, but the trial court
sustained Kemp=s counsel=s objections on
the grounds that an expert witness was needed to testify concerning the
interpretation of the MRIs.  








After the defense rested, Kemp moved for a
directed verdict on the issue of future medical expenses, arguing that Havens
had presented no testimony or other evidence of a dollar amount for future
medical expenses.  The trial court agreed
and removed a jury question on that issue. 
Kemp made no other objections to the jury charge.

The jury awarded Havens $8,650.26 for past
medical expenses, $5,000.00 for past physical pain and suffering, and $2,000.00
for past physical impairment.  The jury
awarded zero damages for future pain and suffering and future physical
impairment.  The trial court signed a
judgment for Havens on October 14, 2004.

Analysis of Issues

1.       Legal
and Factual Sufficiency

In her first issue, Kemp contends the jury=s award of damages
is legally and factually insufficient to the extent it includes damages
incurred as a result of allegedly herniated disks, because expert testimony is
required to establish a causal nexus between her conduct and Havens= alleged disk
herniation.

A.      Standards
of Review








When both legal and factual sufficiency
challenges are raised on appeal, we must first examine the legal sufficiency of
the evidence.  See Manon v.
Tejas Toyota, Inc., 162 S.W.3d 743, 752 (Tex. App.CHouston [14th
Dist.] 2005, no pet.) (citing Glover v. Tex. Gen. Indem. Co., 619 S.W.2d
400, 401 (Tex. 1981)).  We will sustain a
legal sufficiency or Ano‑evidence@ challenge if the
record shows one of the following: (1) a complete absence of a vital fact, (2)
rules of law or evidence bar the court from giving weight to the only evidence
offered to prove a vital fact, (3) the evidence offered to prove a vital fact
is no more than a scintilla, or (4) the evidence establishes conclusively the
opposite of the vital fact.  City of
Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005).  We consider the evidence in the light most
favorable to the verdict and indulge every reasonable inference that supports
it.  Id. at 821B22.  The evidence is legally sufficient if it
would enable reasonable and fair‑minded people to reach the verdict under
review.  Id. at 827. We credit
favorable evidence if reasonable jurors could consider it, and disregard
contrary evidence unless reasonable jurors could not disregard it.  See id.  The trier of fact is the sole judge of the
witnesses= credibility and the weight to be given
their testimony.  See id. at
819.  We cannot substitute our judgment
for that of the jury, so long as the evidence falls within the zone of
reasonable disagreement.  See id. at
822.  But, Aif the evidence
allows of only one inference, neither jurors nor the reviewing court may
disregard it.@  Id.

When considering a factual sufficiency challenge
to a jury=s verdict, we must review and weigh all of
the evidence, not just the evidence that supports the verdict.  See Maritime Overseas Corp. v. Ellis,
971 S.W.2d 402, 406B07 (Tex. 1998); Nip v. Checkpoint Sys.,
Inc., 154 S.W.3d 767, 768B69 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  We may set aside
the verdict only if it is so contrary to the overwhelming weight of the
evidence that the verdict is clearly wrong and unjust.  See Maritime Overseas Corp., 971 S.W.2d
at 407; Nip, 154 S.W.3d at 769.   

B.      Causation

To establish causation in a personal
injury case, a plaintiff must prove the defendant=s conduct caused
an event and that this event caused the plaintiff to suffer compensable
injuries.  See Morgan v. Compugraphic
Corp., 675 S.W.2d 729, 731 (Tex. 1984). 
The causal link between the event sued upon and the plaintiff=s injuries must be
shown by competent evidence.  Id.
at 732.  A jury may decide the
required causal nexus between the event sued upon and the plaintiff=s injuries when
(1) general experience and common sense will enable a lay person fairly to
determine the causal nexus, (2) expert testimony establishes a traceable chain
of causation from injuries back to the event, or (3) expert testimony shows a
probable cause nexus.  Weidner v.
Sanchez, 14 S.W.3d 353, 370 (Tex. App.CHouston [14th
Dist.] 2000, no pet.); Blankenship v. Mirick, 984 S.W.2d 771, 775 (Tex.
AppCWaco 1999, pet.
denied).  

C.      Kemp=s Legal Sufficiency
Challenge








As noted above, Kemp stipulated to
liability at the beginning of trial. 
Therefore, Havens was only required to prove a causal nexus between the
collision and Havens= injuries. 
No expert medical testimony was offered by either party.  Kemp contends that, because Havens had
significant preexisting conditions, Havens= opinion testimonyCthat Ato her knowledge@ she did not have
the herniation reflected on the post-collision MRI report before the accidentCwas insufficient
to establish a causal nexus between the collision and her allegedly herniated
disks.  Because expert testimony is
required to establish that causal nexus, Kemp argues the jury=s award of damages
is legally and factually insufficient to the extent it includes damages
incurred as a result of allegedly herniated disks.  Kemp does not complain that insufficient
evidence supports damages or medical expenses connected with her whiplash.

At the outset we note that Kemp has failed
to preserve her factual sufficiency complaint because she did not raise it in
her motion for new trial.  See Tex. R. Civ. P. 324(b)(2) (providing
that a point in a motion for new trial is a prerequisite to a complaint of
factual insufficiency of the evidence to support a jury finding).  We therefore overrule Kemp=s first issue to
the extent it raises a factual sufficiency challenge.








Turning to Kemp=s legal
sufficiency challenge, we agree with Kemp that expert testimony is required to
establish that an automobile accident caused a person to suffer herniated disks
when that person suffers from other preexisting conditions and injuries.[4]  However, Kemp did not object to the jury
charge on the basis that the damages questions could invite the jury to include
damages for herniation, nor did she seek a separate jury question or
instruction on causation or damages relating to any newly herniated disks
Havens may have as a result of the accident. 
For each type of damages, the jury was instructed to answer only the
following question:  AWhat sum of money,
if paid now in cash, would fairly and reasonably compensate REBECCA D. HAVENS
for her injuries, if any, that resulted from the occurrence in question?@  The damage questions did not prompt the jury
to make separate findings on whiplash and disk herniation.  Without separate findings on these elements,
a reviewing court cannot assess if the award contains an award for disk
herniation.  Kemp agrees that no one can
discern if the jury awarded any damages for a disk herniation, and claims that
this uncertainty is precisely why this case must be reversed.  Kemp would be correctCif she had
objected to the broad form submission and asked the trial court to submit
damages for whiplash and herniation separately. 
However, on appeal, Kemp is limited to challenging the legal sufficiency
of the evidence supporting the damage awards as a whole, because she did not
object to the broad form submission.   See
Thomas v. Oldham, 895 S.W.2d 352, 356B60 (Tex. 1995) (holding
that appellant who failed to object to broad-form damages question could not
challenge legal sufficiency of individual elements of damages awarded and was
limited to challenging legal sufficiency of whole verdict); see also Harris
County v. Smith, 96 S.W.3d 230, 232B34 (Tex. 2002)
(discussing Thomas with approval and holding that specific and timely
objection to inclusion of unsupported elements in broad-form question preserved
error).  

However, Kemp has not challenged the jury=s damage awards as
a whole; she claims only that the award must be reversed because it may contain
some award for newly herniated disks. 
Therefore, on the facts of this case, Oldham and Smith
instruct that Kemp has failed to preserve her specific legal sufficiency
complaint for appellate review because she did not ask the trial court to
separate the element unsupported by evidence from the element supported by some
evidence.








Even if we were to consider the legal
sufficiency of the jury=s damage awards as a whole, however, the
evidence is more than sufficient to support the jury=s verdict.[5]  No one disputes that Havens suffered from
whiplash as a result of the accident. 
Havens testified that she did not suffer from neck problems before the
collision but did so afterward, and that her back problems worsened.  She described her physical symptoms and pain
that occurred after the collision, and testified at length to the emergency
room visits, various physicians= office visits,
and medical services that were required as a result of the collision and her
resulting neck pain.  She also testified
to the amount of the medical bills linked to these events.[6]  This evidence is legally sufficient to
support the jury=s award as a whole.

We therefore overrule Kemp=s first issue.

2.       Cumulative
Error

In her second issue, Kemp contends that
the trial court erred by permitting Havens to testify that she might need
future surgery, and that this error, coupled with the admission of Havens= testimony that
she suffered herniated disks as a result of the collision, constituted
cumulative error.  Multiple errors, even
if considered harmless taken separately, may result in reversal and remand for
a new trial if the cumulative effect of such errors is harmful.  Weidner, 14 S.W.3d at 377.  Before we may reverse a judgment and order a
new trial based on cumulative error, we must determine that the error committed
by the trial court was reasonably calculated to cause and probably did cause the
rendition of an improper judgment.  See
id. at 377B78; Tex.
R. App. P. 44.1(a).








In support of her issue , Kemp complains
that (1) during opening statement, Havens= counsel was
permitted, over objection, to argue that Havens might need surgery in the
future, and (2) Havens testified on direct examination that she might need
surgery in the future.  However, although
Kemp argues that, during Havens= counsel=s opening
statement, she Aprofusely objected@ to Havens
testifying to any need for surgery or the cause of herniated disks, she
concedes the objection was made during a bench conference that was not
reported.[7]  Further, Kemp acknowledges that, as
requested, the trial court instructed the jury that arguments of counsel were
not evidence.  Nevertheless, without
citation to any authority or any standard of review, Kemp suggests that the argument
was incurable.  We disagree.

Assuming Kemp preserved for appellate
review her complaint concerning opposing counsel=s opening
statement, we find no error.  Remarks by
attorneys during the course of trial do not constitute evidence unless the
attorney is actually giving testimony.  Sunrizon
Homes, Inc. v. Fuller, 747 S.W.2d 530, 533 (Tex. App.CSan Antonio 1988,
writ denied).  Moreover, the trial court=s instruction
cured any error.  See Standard Fire
Ins. Co. v. Reese, 584 S.W.2d 835, 839 (Tex.1979) (stating that incurable
harm from improper argument is rare).

We likewise find no error in the admission
of the plaintiff=s testimony that she might need surgery in
the future.  Specifically, Kemp complains
about the following exchange:

Q.      [Havens= counsel]:  What are
you going to do about your injuries?

A.      [Havens]:
. . . I=m going to live
with it and hope it gets better; and if it doesn=t, then down the
line I=ll proceed with
further medical treatment, which will probably result in surgery.

Generally, the decision to admit or exclude particular
evidence rests within the sound discretion of the trial court.  City of Brownsville v. Alvarado, 897
S.W.2d 750, 753 (Tex.1995).  In support
of her complaint, Kemp cites Federal Underwriters Exchange v. Simpson,
137 S.W.2d 132, 136 (Tex. Civ. App.CAustin 1940, no
writ).  In Simpson, the court held
that it was error to allow the injured plaintiff to testify that he did not
believe he would ever be able to use his arm and that it was doubtful that a
successful operation could be performed on it. 
Id.  However, Simpson
stands for the general rule that, in a worker=s compensation
case, lay opinion that the worker=s injury is total
and permanent is inadmissible.  Because
this is not a worker=s compensation case in which a
determination of total and permanent injury is at issue, we find Simpson
distinguishable from the present facts. 
In this circumstance, we cannot say that the trial court abused its
discretion in admitting the testimony. 








Even if the admission of the testimony was
error, Kemp fails to demonstrate how the trial court=s alleged error,
combined with any other alleged errors, was reasonably calculated to cause and
probably did cause the rendition of an improper judgment.  Instead, Kemp merely argues that the alleged
errors were Aso prejudicial that a new trial should be
granted.@  Again, we disagree.  The jury awarded no damages for future pain
and suffering or future physical impairment, and Kemp was successful in having
a jury question on future medical expenses removed from the charge.  Moreover, we have already overruled Kemp=s legal and
factual sufficiency challenges. 
Therefore, we hold Kemp has failed to demonstrate that the trial court
committed cumulative error entitling her to a new trial.

We overrule Kemp=s second issue.

Conclusion

We overrule Kemp=s two issues and
affirm the trial court=s judgment.

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed April 27, 2006.

Panel
consists of Justices Hudson, Fowler, and Seymore.

 

 

 

 

 











[1]  Additionally,
Dr. Awitan referred Havens to Dr. Murphy, who also diagnosed her with
whiplash.  Dr. Murphy prescribed
medications and physical therapy for Havens, but after four physical therapy
treatments, Havens testified that she awoke unable to move her neck and in
intense pain.  Although she went to
physical therapy, they sent her to the emergency room.  She then discontinued the physical therapy
and undertook exercises at home, used heating pads or wraps, took muscle
relaxers, and used a particular pillow to keep her neck in a certain
position.  She then got a referral for a
second opinion, and  went to another
healthcare provider.





[2]  Kemp argues
that, at best, the post-surgery MRI is ambiguous concerning the cause of any
new herniation.  She points to the
following text of the findings from the MRI, the relevant parts of which
she  highlighted as follows:

 

4.  At the L4-5
level, laminotomy defects are present.  There
is a 4 mm posterocentral subligamentous herniation and/or post
diskectomy defect which abuts the sac. 
The foramina are patent.

 

5.  At the L5-S1 level, laminotomy defects are
present.  There is a 5 mm broad-based
posterior subligamentous herniation with left posterolateral accentuation which
abuts the sac and S1 roots.  There is
mild right and moderate to marked left foraminal narrowing where the disk
effaces the emanating left L5 nerve root sleeve/dorsal root ganglion.  An enhanced study would be helpful to
differentiate post diskectomy defects from recurrent herniations if indicated.





[3]  Kemp=s counsel also cross-examined Havens on the MRI
findings and specific statements contained in them.





[4]  Kemp also correctly points out that
opinions expressed in medical records must rest in reasonable medical
probability.  





[5]  Although Kemp complains generally
of the jury=s awards for past medical expenses,
pain and suffering, and physical impairment, Kemp does not separately challenge
the jury=s awards for past physical pain and
suffering or past physical impairment. 
Instead, she primarily focuses on the award of medical expenses.  Consequently, we will respond to Kemp=s arguments as made. 





[6]  At trial, Kemp did not challenge
the medical bills offered into evidence on the basis that some of them might
include charges for services relating to Havens= preexisting conditions.  Kemp also did not seek to require Havens to
segregate her medical bills or otherwise Aexpressly reserve[] whether [Kemp=s] acts or omissions proximately
caused those treatments and expenses.@  See Texarkana
Mem=l Hosp., Inc. v. Murdock, 946 S.W.2d 836, 838 (Tex. 1997). In any event, it does not appear that the jury awarded
Havens damages for post-collision herniation because it awarded no damages for
future pain and suffering or future physical impairment.





[7]  In passing,
Kemp also includes a reference to Havens= counsel=s closing remarks, but these were not reported.