Opinion filed April 26, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed April 26, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-05-00205-CV 

                                                     __________

 

                                      CURTIS
SCHROCK, Appellant

 

                                                             V.

 

                                           ROBIN
SISCO, Appellee

 



 

                                          On
Appeal from the 70th District Court

 

                                                           Ector County, Texas

 

                                                Trial
Court Cause No. A-107,958

 



 

                                                                   O
P I N I O N

 

This appeal arises from a sexual harassment suit
filed by Robin Sisco against her former employer, Curtis Schrock.[1]  Schrock alleges in a single issue that the
trial court erred in submitting in the court=s
charge to the jury one of the theories of recovery asserted by Sisco.  We reverse and remand.

 








                                                               Background
Facts

Sisco alleged that Schrock committed the torts of
assault and intentional infliction of emotional distress.  Schrock objected to the inclusion of  intentional infliction of emotional distress
as a theory of recovery in the court=s
charge on several grounds.  The trial
court overruled Schrock=s
objections and submitted liability and damages questions on both theories.  The jury found that Schrock committed both
torts and awarded Sisco compensatory damages of $40,000 for intentional
infliction of emotional distress and $25,000 on the assault cause of action.

In addition to submitting both theories of
recovery in the court=s
charge, the trial court also submitted a single exemplary damages
question.  The trial court conditionally
submitted the exemplary damages question on an affirmative finding to either
the assault or the intentional infliction of emotional distress causes of
action.[2]  The jury assessed exemplary damages of
$50,000 against Schrock.

Schrock subsequently challenged the submission of
intentional infliction of emotional distress in a motion for judgment
notwithstanding the verdict and a motion for new trial.  Sisco responded to Schrock=s post-verdict motions by offering to remit
the $40,000 in compensatory damages that the jury awarded to her for
intentional infliction of emotional distress. 
The trial court accepted Sisco=s
voluntary remittitur and removed the $40,000 recovery from the judgment.
However, the jury=s full
award of exemplary damages remained intact.

                                                                          Issue

Schrock contends that the trial court erred in
submitting intentional infliction of emotional distress as a theory of recovery
in the court=s
charge.  He asserts that the alleged
error probably caused the rendition of an improper judgment in the form of an
inflated award of exemplary damages.  See
Tex. R. App. P. 44.1(a).

                                                              Standard
of Review








Tex. R.
Civ. P. 278 requires the submission of jury questions that are supported
by the written pleadings and the evidence. 
See Union Pac. R.R. Co. v. Williams, 85 S.W.3d 162, 166 (Tex. 2002).  The standard of review for an allegation of
jury charge error is an abuse of discretion. Tex. Dep=t of Human Servs. v. E.B., 802
S.W.2d 647, 649 (Tex.
1990).  A trial court abuses its
discretion by acting arbitrarily, unreasonably, or without consideration of
guiding principles.  Walker
v. Gutierrez, 111 S.W.3d 56, 62 (Tex.
2003).

If a trial court abuses its discretion when it
submits an instruction to the jury, we do not reverse in the absence of
harm.  See Lone Star Gas Co. v. Lemond,
897 S.W.2d 755, 756 (Tex.
1995).  Harm occurs when the error in the
charge probably caused the rendition of an improper judgment or prevented
appellant from properly presenting the case to the court of appeals.  Rule 44.1(a); Wal-Mart Stores, Inc. v.
Johnson, 106 S.W.3d 718, 723 (Tex.
2003).

                                                                        Analysis

Sisco stated as follows in her written motion for
remittitur: A[Sisco]
requests this Court to reduce the amount of judgment against [Schrock] for the
reason that [the liability and compensatory damages questions for intentional
infliction of emotional distress] should not have been submitted.@ In light of Sisco=s concession that intentional
infliction of emotional distress should not have been submitted in the court=s charge, we focus our attention on the
harm analysis that should be employed in reviewing the jury=s award of exemplary damages.  

The task of determining the effect of the charge
error on the jury=s
exemplary damages award is complicated by the wording of the exemplary damages
question.  The question reads in
pertinent part as follows:

If you answered AYes@ to Question 1 or Question 3 then
answer the following question. 
Otherwise, do not answer the following question.

 

                                                      Question
No. 5

 

What sum of money, of [sic] any, should be
assessed against CURTIS SCHROCK and awarded to ROBIN SISCO as exemplary damages
for the conduct found in response to Question 1 or Question 3.

 

AQuestion
1@ consisted of the liability question
for the assault cause of action.  AQuestion 3@
con-sisted of the liability question for the intentional infliction of
emotional distress cause of action. Since the jury made affirmative findings on
both the assault and intentional infliction of emotional distress causes of
action, it may have based its award of exemplary damages in whole or in part
upon the conduct that it determined constituted the intentional infliction of
emotional distress.








The fact that the exemplary damages question
combined valid and invalid theories of recovery implicates the harm analysis
adopted by the supreme court in Crown Life Insurance Co. v. Casteel, 22
S.W.3d 378 (Tex. 2000).  See Romero
v. KPH Consol., Inc., 166 S.W.3d 212 (Tex. 2005); Harris County v. Smith,
96 S.W.3d 230 (Tex. 2002).  The court
ruled in Casteel that, when a single broad‑form liability question
commingles valid and invalid liability grounds and the appellant=s objection is timely and specific, the
error is harmful and a new trial is required when the appellate court cannot
determine whether the jury based its verdict on an invalid theory.  In Harris County, the court determined
that the Casteel harmful error analysis applied to a damage question
that mixed valid and invalid elements of damages in a single broad‑form
submission.   96 S.W.3d at 232-34.  In Romero, the court applied the Casteel
harm analysis to a liability apportionment question that mixed valid and
invalid theories of recovery.  166 S.W.3d
at 227.

  The harm
analysis adopted in Casteel is inapplicable in the absence of an
objection that sufficiently preserves the complaining party=s protest to the inclusion of an
invalid theory of recovery in a broad-form question.[3]  22 S.W.3d at 387.  Sisco argues that Schrock failed to preserve
his complaint about the jury=s
award of exemplary damages because he did not specifically object to  the exemplary damages question.  As correctly noted by Sisco, Schrock did not
specifically address the form of the exemplary damages question in making his
objections to the court=s
charge.  However, Schrock objected Ato the submission of intentional
infliction of emotional distress in this case.@  The relevant inquiry in this appeal is
whether Schrock=s
objection to the submission of a particular theory of recovery in the court=s charge extends to all of the
questions that reference that theory.  








The supreme court considered the preservation of
error for an objection to the submission of an invalid theory of recovery in Romero.  166 S.W.3d at 228-29.  The court identified the question that is at
issue in this appeal B
whether the complaining party is required to object to the form of a broad-form
question that includes an invalid theory of recovery.  Id. at 229.  The court determined that it did not need to
answer this question because the complaining party in Romero objected to
the form of the question challenged on appeal.[4]  Id. 
In identifying the question, the court cited Pan Eastern Exploration
Co. v. Hufo Oils, 855 F.2d 1106, 1124 (5th Cir.1988), for the proposition
that the issue of whether an objection must be made to the form of the
submission is Aa close
and difficult question.@  Id.

In Missouri Pacific Railroad Co. v. Limmer,
180 S.W.3d 803, 822-23 (Tex. App.CHouston
[14th Dist.] 2005, pet. filed), the court addressed the question that the
supreme court did not answer in Romero. 
The court began its analysis by examining the federal case cited by the
supreme court in Romero.  The
Fifth Circuit suggested as follows in Pan Eastern Exploration Co.:  AIt
seems likely that in the case of a potentially ambiguous general verdict all
the complaining party must do to protect his rights is to object to the charge
and the submission vel non of the questionable theory or theories.@ 
855 F.2d at 1124.  The court in Limmer
then examined the holdings in Harris County, Casteel, and Wal‑Mart
Stores, Inc. v. Redding, 56 S.W.3d 141, 150, 156‑57 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  180 S.W.3d at 822.  The court concluded in Limmer that an
objection to the submission of a theory of recovery in the court=s charge is sufficient to preserve
error for the purpose of conducting a Casteel harmful error analysis of
a broad-form question that combines valid and invalid theories of
recovery.  We agree.

Schrock vigorously objected to the submission of
intentional infliction of emotional distress as a theory of recovery in the
court=s
charge.  It is reasonable to conclude
that his objection to a cause of action as an invalid theory of recovery
applied to each question in the court=s
charge that contained that cause of action as an element.  Accordingly, we conclude that Schrock
sufficiently preserved error to invoke the harm analysis employed in Casteel.








Under Casteel, we must reverse the jury=s award of exemplary damages unless we
are Areasonably
certain that the jury was not significantly influenced by@ the erroneous submission of
intentional infliction of emotion distress. 
Romero, 166 S.W.3d at 227-28. 
Given the fact that the jury made an affirmative finding of liability
for intentional infliction of emotional distress and awarded compensatory
damages of $40,000 under this cause of action, we cannot be reasonably certain
that the jury was not significantly influenced by the erroneous submission of
this theory of recovery when it awarded $50,000 in exemplary damages.  Schrock=s
sole issue on appeal is sustained.[5]

                                                               This
Court=s Ruling

We cannot order a separate trial solely on
unliquidated damages when liability is contested. Tex. R. App. P. 44.1(b); Redman Homes, Inc. v. Ivy,
920 S.W.2d 664, 669 (Tex. 1996). 
Accordingly, the trial court=s
judgment is reversed and remanded for a new trial on all issues.

 

 

TERRY McCALL

JUSTICE

 

April 26, 2007

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]The record indicates that Schrock died after the trial
court=s entry of judgment. 
Pursuant to Tex. R. App. P. 7.1(a)(1),
we adjudicate this appeal as if all parties are alive.





[2]A recovery of exemplary damages requires a finding of
an independent tort with accompanying actual damages. See Fed.
Express Corp. v. Dutschmann, 846 S.W.2d 282, 284 (Tex. 1993).





[3]In the absence of a sufficient objection, it would
appear that the complaining party is limited to challenging the sufficiency of
the evidence supporting the jury=s answer to the broad-form question.  See Thomas v. Oldham, 895 S.W.2d 352,
359-60 (Tex. 1995).

 





[4]The submission of two exemplary damages questions would
have eliminated the difficulty of conducting a harm analysis in this
appeal.  The trial court in Romero
suggested to the parties that two questions should be submitted in the court=s charge to cure the potential problem of reviewing the
jury=s answer on appeal. 
166 S.W.3d at 228-29.  The supreme
court determined that the complaining party sufficiently preserved error even
though it rejected the trial court=s
suggestion to submit two questions.  Id.

 





[5]The requirements of Tex.
Civ. Prac. & Rem. Code Ann. '
41.013(a) (Vernon 1997) are inapplicable because we have not reviewed the
evidence supporting the jury=s award of exemplary damages.