Maria Guadalupe DeLEON, Appellant,

v.

Juan F. HERNANDEZ and Betty Gamez Hernandez, Appellees.

No. C14–90–01008–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 8, 1991.

**532**

Renato Santos, Jr., Houston, for appellant.

Rick Brass, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant appeals from a motion for summary judgment granted in favor of appellees. In a single point of error, she claims the trial court erred in granting summary judgment because appellees did not prove they were entitled to judgment as a matter of law. Concluding a genuine issue of material fact exists as to appellant's causes of action, we reverse and remand for trial.

Appellant filed an original petition for divorce against Juan Hernandez. Appellant subsequently amended her petition to include causes of action for assault and false imprisonment against Hernandez, and a cause of action for alienation of affection against Betty Gamez. The trial court correctly severed those causes of action from the divorce action. *See Chiles v. Chiles,* 779 S.W.2d 127 (Tex.App.—Houston [14th Dist.] 1989, writ denied).

Appellees moved for summary judgment on the additional causes of action on the grounds that appellant failed to seek medical treatment after the alleged assault and false imprisonment and that she failed to report those offenses to the police. Appellees further claimed the cause of action for alienation of affections has been abolished in Texas.

In response, appellant filed a supporting affidavit stating that Hernandez intentionally struck her in the face and body causing her physical pain and mental anguish and that Hernandez willfully detained her without her consent and without authority of law. Appellant further stated that Gamez, who knew of the marriage, intentionally enticed and persuaded appellant's husband to engage in an extramarital affair causing an alienation of Hernandez' affection and depriving appellant of his consortium.

A summary judgment is not entitled to the same deference given to a judgment following a trial on the merits. When reviewing the grant of a summary judgment, the appellate court does not view the evidence in the light most favorable to the

judgment of the trial court. Instead, this court must view the evidence in favor of the nonmovant, resolving all doubts and indulging all reasonable inferences in favor of reversal of the summary judgment. *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex.1985); *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 931 (1952).

At either the trial or appellate level, the question is not whether the nonmovant raised a material fact issue to defeat the motion, but whether the movants negated each cause of action and proved they were entitled to judgment as a matter of law. If the movant fails in this burden, we must remand the case for a trial on the merits. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828–29 (Tex.1970). The standards that must be applied when reviewing a summary judgment have been clearly mandated by the Texas Supreme Court in *Nixon v. Mr. Property Management*, 690 S.W.2d at 548:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.
2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.
3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor.

Further, this court must not consider evidence that favors the movant unless it is uncontroverted. *Great American Reserve Co. v. San Antonio Plumbing Supply*, 391 S.W.2d 41, 47 (Tex.1965).

A tortious civil assault is committed if a person intentionally, knowingly, or recklessly causes bodily injury to another. *Hogenson v. Williams*, 542 S.W.2d 456, 458 (Tex.Civ.App.—Texarkana 1976, no writ). Appellant stated in her affidavit in response to the motion for summary judgment that Hernandez intentionally, knowingly, and recklessly caused bodily injury to her by hitting her in the face and body with his fist causing her physical pain and mental anguish. Hernandez did not deny the assault, but claimed he was entitled to summary judgment because appellant failed to seek medical treatment and failed to report the offense to the police. Appellant has raised a genuine issue of material fact as to whether Hernandez assaulted her and whether he falsely imprisoned her. The fact that she failed to seek medical treatment or report the offenses to the police does not defeat her causes of action as a matter of law. With regard to those causes of action, summary judgment is improper.

The trial court also granted summary judgment against appellant on the alienation of affection cause of action. Gamez moved for summary judgment on the grounds that the cause of action for alienation of affection had been abolished in Texas and that Hernandez had already had a sexual relationship with another woman before he began his relationship with Gamez.

The statute abolishing a right of action by one spouse against a third party for alienation of affection became effective September 1, 1987. TEX.FAM.CODE ANN. § 4.06 (Vernon Supp.1991). Appellant's original petition was filed October 25, 1985. Her first amended original petition asserting a cause of action for alienation of affection was filed March 13, 1986. Section 4.06 of the Family Code specifically states that it does not apply to a suit filed before the effective date of the act. Because appellant's suit was filed before the effective date of the act, appellant's cause of action is not barred by the Family Code.

Gamez also claims that, because Hernandez had a sexual relationship with another woman before he began his relationship with her, she has disproved one or more of the elements of appellant's cause of action. To establish a cause of action for alienation of affection, a plaintiff must prove (1) the defendant intentionally or purposely enticed the spouse, (2) there has been a loss of affection or consortium, and (3) the defendant's conduct was the control-

ling cause of the loss. *McQuarters v. Ducote*, 234 S.W.2d 433, 434 (Tex.Civ.App.—San Antonio 1950, writ ref'd n.r.e). Hernandez' prior indiscretion does not defeat one or more of those elements.

Appellant, in her affidavit in response to the motion for summary judgment, stated that Gamez, with knowledge of their marriage, intentionally enticed and persuaded appellant's husband to engage in an extramarital affair with her for the purpose of transferring Hernandez' affections and depriving appellant of her husband's consortium. Appellant's affidavit raises a fact issue with regard to her cause of action for alienation of affection. Because appellant has raised genuine issues of material fact on her causes of action for assault, false imprisonment, and alienation of affection, we sustain appellant's sole point of error.

The judgment of the trial court is reversed and remanded for trial on the merits.