**Opinion issued December 17, 2020**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-19-00411-CV**

———————————

**ALFONSO MARTINEZ, Appellant**

**V.**

**LIDIA PLUMA, AS NEXT FRIEND OF A.C.V., A CHILD, Appellee**

---

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-09806**

---

## MEMORANDUM OPINION

Lidia Pluma, on behalf of her minor child, A.C.V., sued Alfonso Martinez for

tortious assault. She alleged Martinez physically grabbed then-seven-year-old

A.C.V., forced her to kiss him, and then pushed his hand into her pants and rubbed

her vagina. She alleged the assault occurred while Martinez's wife was babysitting

A.C.V. and A.C.V.'s younger sister. The jury found that Martinez assaulted A.C.V. and awarded damages.

In three issues, Martinez contends there is legally insufficient evidence of damages, the trial court erred in allowing Pluma to testify, and opposing counsel's incurable jury argument requires reversal.

We affirm.

## Background

A.C.V., hereafter referred to as Anna, is the next-to-youngest child of Lidia.[1] Shortly after Lidia's youngest child, Vanesa, was born, Lidia began considering babysitting options for the weekends that she worked. Her friend, Cirenia, offered to babysit Anna and Vanesa at the home she shared with her husband, Alfonso. Lidia agreed to the arrangement and, for about the next year, Lidia would drop off Anna and Vanesa at Cirenia's house on the weekends that she worked.

The last time Cirenia babysat the two girls was on August 25, 2013. That evening, Anna told Lidia that Alfonso had kissed her mouth and touched her private parts while she was at his house earlier that day.

Anna testified about the August 25 events. She stated that she had been playing in the backyard as Alfonso sat at a picnic table nearby. Cirenia was inside

---

[1] We will refer to any children discussed in this opinion by a pseudonym. We will refer to the adults by their first names because some of the adults share last names.

their house. According to Anna, Alfonso called her over to him, physically grabbed her by the hips, grabbed her face in a hard manner, and forced a kiss on her lips. He then pushed his hand into her pants and under her underwear. He rubbed his hand against the child's vagina. She pulled away and went toward the house. Anna testified that Cirenia approached her and asked, "Did he do anything to you?" Anna pointed to her own lips and told Cirenia that he had kissed her. When Cirenia did not react or indicate she would do anything to help Anna, Anna tried to call her mom and older sister to come get her. She could not reach either. She left a voicemail for her mom asking when she would be picked up. She walked to a middle space between an exterior door of the house and a screen door. She sat in that middle space and waited to be picked up. Her younger sister, Vanesa, continued to play.

When Anna's older sister arrived to pick up the two girls, Anna immediately went to the car and locked herself inside. The older sister took the two girls to McDonalds for food, took them to her house for baths, and put them to bed in her spare bedroom. The sister testified that Anna was unusually reserved and quiet that evening.

When Lidia finished work around midnight, she picked Anna and Vanesa up from the older sibling's home to take them to her own home next door. At some point during that transfer, Anna was shaking and seemed bothered by something. Lidia talked to her, and Anna revealed that Alfonso had touched her private parts

3

earlier that day. The police were called. Alfonso was arrested that night, and Anna was taken to the hospital for a physical exam.

The trial occurred about five years later. Several trial witnesses testified about the events on August 25. There was little consistency in their testimony, both in terms of who was at Cirenia and Alfonso's house at various times that day and when, during the night, Anna disclosed that Alfonso had touched her. But Alfonso does not challenge the sufficiency of the evidence on the jury's finding that he assaulted Anna. His sufficiency argument is limited to the issue of damages.

## Civil Assault

The common law actions of assault and battery are addressed under current tort law as assault. *Hockman v. Rogers*, No. 12-09-00441-CV, 2010 WL 2784435, at *3 (Tex. App.—Tyler July 14, 2010, no pet.) (mem. op.). The elements of civil assault are the same as for a criminal assault. *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). Therefore, whether a plaintiff meets her burden to establish a civil assault is analyzed under the statutory framework of the Penal Code provision for assault. *See Jones v. Shipley*, 508 S.W.3d 766, 770 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *Moore v. City of Wylie*, 319 S.W.3d 778, 782 (Tex. App.—El Paso 2010, no pet.).

Under the Penal Code, a person commits an assault if he, among other things, causes bodily injury. TEX. PENAL CODE § 22.01(a). Bodily injury is defined to

4

include experience of physical pain. *Id.* § 1.07(a)(8). Thus, evidence of physical pain will satisfy the statutory requirement of a bodily injury to support a civil assault claim. *See DeLeon v Hernandez*, 814 S.W.2d 531, 533 (Tex. App.—Houston [14th Dist.] 1991, no writ) (summary judgment in favor of person sued for civil assault erroneous when record contains evidence he hit his wife in the face causing physical pain).

But a plaintiff is not required to supply direct testimony of pain; a factfinder may infer pain because people of common intelligence understand pain and some of the natural causes of it. *Crow v. State*, 500 S.W.3d 122, 129 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (stating that, for definition of bodily injury, "[a]ny physical pain, however minor, will suffice to establish bodily injury" and "fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it."); *Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.); *Arzaga v. State*, 86 S.W.3d 767, 778 (Tex. App.—El Paso 2002, no pet.); *Goodin v. State*, 750 S.W.2d 857, 859 (Tex. App.—Corpus Christi 1988, pet. ref'd); *cf. Murrieta v. State*, No. 06-05-00241-CR, 2006 WL 1624468, at *2 (Tex. App.—Texarkana June 14, 2006, no pet.) (mem. op., not designated for publication).[2]

---

[2] In *Murrieta*, the assault complainant was a Rusk County Deputy M. Smith, who testified that Murrieta "pushed" him. 2006 WL 1624468, at *1. The only detail of the pushing was that it was "hard enough to move" him and "knocked me all the

Here, Martinez alleged assault by illicit sexual contact resulting in physical injuries and emotional injuries. She sought to recover for both her physical injuries and her emotional injuries, as Alfonso concedes.

**Compensatory Damages**

In his first issue, Alfonso argues there was legally insufficient evidence to support the jury's damage award. Alfonso's analysis of the sufficiency of the evidence is entirely limited to whether the evidence met the requirements for an award of mental anguish damages. Alfonso suggests this is appropriate because Martinez, on behalf of Anna, "did not present any evidence of physical injuries"; therefore, "the noneconomic damage award was [] based on emotional injury alone." Without evidence that meets the requirements for an award of mental-anguish damages, Alfonso argues, the trial court erred in denying his motion for directed verdict and motion for judgment notwithstanding the verdict.

The Texas Supreme Court has held that, when a broad-form damages question commingles valid and invalid elements of damages and an appellant's objection is timely and specific, the resulting error is harmful and a new trial is required when

way back." *Id.* Smith did not say he felt pain from the push or that the push injured him. *Id.* The court held that the complainant was not required to testify he experienced pain and the jury could infer a person felt physical pain because people of common intelligence understand pain and some of the natural cause of it, such that the jury's common sense and common knowledge, observation, and experience may lead them to infer that Deputy Smith experienced pain from being pushed. *Id.* at *2.

6

an appellate court cannot determine whether the jury based its verdict on an improperly submitted, invalid element of damages. *Harris Cty. v. Smith*, 96 S.W.3d 230, 234 (Tex. 2002). A proper objection is one that plainly informs the court that a specific element of damages should not be included in a broad-form question because there is no evidence to support its submission. *Id.* Alfonso did not make this *Casteel*-based objection to the damages question in the trial court and does not seek a new trial based on any such complaint.[3] *See Crown Life Ins. v. Casteel*, 22 S.W.3d 378, 387–89 (Tex. 2000); *Smith*, 96 S.W.3d at 234.

When a party seeks to challenge a multi-element damages award without having asked for separate damages findings, the party must address all the elements of damages and show that the evidence is insufficient to support the entire damage award. *City of Houston v. Levingston*, 221 S.W.3d 204, 230 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (citing *Thomas v. Oldham*, 895 S.W.2d 352, 360 (Tex. 1995)); *G.T. Mgmt., Inc. v. Gonzalez*, 106 S.W.3d 880, 885 (Tex. App.—Dallas 2003, no pet.). Failure to do so results in a waiver of the sufficiency challenge. *Levingston*, 221 S.W.3d at 230; *Tex. Youth Comm'n v. Koustoubardis*, 378 S.W.3d 497, 501–02 (Tex. App.—Dallas 2012, no pet.).

---

[3] Alfonso objected to having a damages question, arguing there is not "any evidence there to substantiate there were damages in this matter." But that objection did not alert the trial court to any issue of commingling of valid and invalid damages elements. Nor did it allow for a later challenge as to only one element of damages in the multi-element claim.

7

In other words, when an appellant argues there is legally insufficient evidence of one type of damages without also challenging the sufficiency of the evidence of another available type of damages, but the damages were submitted in a single, broad-form question, the appellant waives his challenge, and the appellate court need not evaluate whether the evidence supports the single element the appellant isolated and chose to challenge. *See Levingston*, 221 S.W.3d at 230.

Here, the jury was asked a single compensatory damages question that did not separate the various elements of damages recoverable on a tortious assault claim. Alfonso did not object that the issue of general damages was being submitted in a single, broad-form question that asked for a lump-sum award. Nor did he object that the various elements of recoverable damages should have been delineated or, at a minimum, described.

Alfonso acknowledges in his brief that Lidia's petition "explicitly sought," on behalf of Anna, "unliquidated damages for physical *and* emotional injuries and damages" on her assault claim. (Emphasis added.) Yet, Alfonso only challenges the legal sufficiency of the evidence on mental anguish damages, an element of damages the jury did not separately award. Accordingly, we hold that Alfonso has waived appellate review of his sufficiency challenge to compensatory damages. *A& L Indus. Servs. Inc. v. Oatis*, No. 01-11-00471-CV, 2013 WL 5970933, at *9 (Tex. App.—Houston [1st Dist.] Nov. 7, 2013, no pet.) (mem. op.) (concluding appellant waived

challenge to compensatory damages by only challenging sufficiency of evidence on mental anguish without also challenging other elements of damages in broad-form damages question); *see Levingston*, 221 S.W.3d at 230 (appellant waived complaint as to compensatory damages when appellant failed to object to broad-form damages submission and failed to argue insufficiency of evidence as to all compensatory damage grounds); *River Oaks L-M. Inc. v. Vinton-Duarte*, 469 S.W.3d 213, 235–36 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("West Point has not challenged the entire damages award; thus we must reject its evidentiary challenge to this single element of a multi-element damage award."); *Koustoubardis*, 378 S.W.3d at 502 (appellant waived sufficiency challenge where compensatory damages question was submitted in broad form and appellant challenged sufficiency of evidence to support mental anguish damages, but not other elements of damages).[4]

---

[4] Alfonso would have this Court assume the jury rejected the possibility that Anna experienced pain to constitute an injury. To do so would be inconsistent with the standard of review we must apply. In reviewing an appeal of a jury's verdict, we assume findings consistent with the verdict, not against it. *See Canal Ins. Co. v. Hopkins*, 238 S.W.3d 549, 557 (Tex. App.—Tyler 2007, pet. denied) ("Where conflicting inferences can be drawn from the evidence, it is within the province of the finder of fact to choose which inference to draw, so long as more than one inference can reasonably be drawn. Therefore, we must assume the finder of fact made all inferences in favor of the verdict if a reasonable person could do so.") (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

Here, the child testified that Alfonso "grabbed" her hips and her face. After forcing a kiss on her lips, he forcibly shoved his adult hand into the child's pants to the point his hand was touching her vagina. He then rubbed against the young child's vagina. The law permits the jury to have inferred "physical pain, however minor . . . to establish bodily injury" on this evidence of aggressive sexual contact with a child.

We overrule Alfonso's first issue.

## Evidentiary Ruling to Permit Lidia to Testify

In his second issue, Alfonso contends the trial court abused its discretion by overruling his objection to Lidia's testifying. He offers two arguments why admission of her testimony was error, only one of which was preserved.

### A.    Standard of review

Evidentiary rulings are committed to the discretion of the trial court and will not be reversed absent a showing the trial court abused its discretion. *Diamond Offshore Services Ltd. v. Williams*, 542 S.W.3d 539, 545 (Tex. 2018) ("The trial court has extensive discretion in evidentiary rulings, and we will uphold decisions within the zone of reasonable disagreement."). A trial court abuses its discretion

---

*See Crow*, 500 S.W.3d at 129 (stating that, for definition of bodily injury, "[a]ny physical pain, however minor, will suffice to establish bodily injury" and "fact finder may infer that a victim actually felt or suffered physical pain because people of common intelligence understand pain and some of the natural causes of it."); *see Randolph v. State*, 152 S.W.3d 764, 774 (Tex. App.—Dallas 2004, no pet.) (on evidence man hit woman on back of the head to make her give him car keys, factfinder permitted to infer woman suffered bodily injury by feeling physical pain); *Arzaga*, 86 S.W.3d at 778 (even without testimony from complainant that she suffered pain from being struck, jury was permitted to draw reasonable inference that she was injured from being hit in face by husband).

By asking this Court to assume Anna had no pain—and therefore no injury—Alfonso fails to present the issue in a way that would allow appellate consideration of the damages award consistent with the standard of review and *Levingston*, 221 S.W.3d at 230. His issue is therefore waived.

10

when it acts unreasonably, arbitrarily, or contrary to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

## B.      Error based on noncompliance with Rule 194.2

Alfonso argues for the first time on appeal that the trial court erred in allowing Lidia to testify because she was not listed on the Rule 194.2 disclosures. *See* TEX. R. CIV. P. 194.2. Alfonso did not make this argument to the trial court; therefore, it is not preserved for appeal. *See* TEX. R. APP. P. 33.1(a).

## C.      Error based on failure to list Lidia as a trial witness

Next, Alfonso argues the trial court should have sustained his objection to Lidia's testifying because, when opposing counsel gave Alfonso's counsel a list of trial witnesses a couple days before trial, Lidia was not included on the trial-witness list. The parties discussed a trial-witness list with the trial court. But the list is not part of the appellate record. We have no means to confirm whether Lidia was adequately identified. Certainly, Alfonso argued to the trial court and here that she was not, but he has not cited to any portion of the record to support that assertion. Neither opposing counsel nor the trial court confirmed on the record that nondisclosure violated any rule or order limiting witnesses from testifying. Without any citation to the record to support Alfonso's allegation, we cannot conclude the trial court erred. TEX. R. APP. P. 38.1(i) (brief must contain appropriate citation to the record).

11

Even if appropriate record citations supported Alfonso's argument, we would conclude the trial court did not err. The exclusionary rule Alfonso relies on has an exception for a "named party." TEX. R. CIV. P. 193.6(a) ("A party who fails to make, amend, or supplement a discovery response in a timely manner may not . . . offer the testimony of a witness (other than a named party) who was not timely identified" unless good cause or lack of unfair surprise and prejudice). We have found only a few instances in which the issue was raised whether a person who has sued in a representative capacity qualifies as a "named party' under Rule 193.6(a). In those cases, the broader issue on appeal was resolved on other grounds. *See, e.g.*, *Rizvi v. Am. Express Nat'l Bank*, No. 02-19-00197-CV, 2020 WL 3969585, at *7 n.7 (Tex. App.—Fort Worth June 18, 2020, no pet.); *Trujillo Enters., Ltd. v. Davies*, 573 S.W.3d 297, 304 (Tex. App.—El Paso 2019, no pet.).

The purpose of the Rule 193.6(a) exclusionary rule is "to protect a party from surprise concerning the existence of undisclosed evidence," *Lopez v. La Madeleine of Texas, Inc.*, 200 S.W.3d 854, 862 (Tex. App.—Dallas 2006, no pet.), and "to prevent trial by ambush," *Petroleum Workers Union of the Republic of Mexico v. Gomez*, 503 S.W.3d 9, 35 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Holding that a parent who asserts a child's tort claim in the parent's representative capacity qualifies as a named party for purposes of allowing testimony, even if the parent is not fully identified in discovery, does not, in our view, offend these underlying

12

purposes. *See Smith v. Sw. Feed Yards*, 835 S.W.2d 89, 94 (Tex. 1992) (Hecht., J., concurring in judgment) (under earlier version of exclusionary rule that did not have an exception for named parties, agreeing with holding to allow an entity party's representative to testify though not listed in discovery under theory that "everyone expects a party to testify in his own case" but noting that holding might not support allowing representative to testify in context of "institutional or corporate parties, class actions, and multi-party lawsuits" where there could be a large number of potential representatives). Lidia brought the suit on behalf of her daughter. She qualifies as a named party for purposes of Rule 196.3(a).

Even if the trial court erred by allowing Lidia to testify, we would hold that such error was harmless. When an evidentiary ruling is erroneous, an appellate court will not reverse the trial court's judgment unless the ruling probably caused rendition of an improper judgment. TEX. R. APP. P. 44.1(a); *Nissan Motor Co. v. Armstrong,* 145 S.W.3d 131, 144 (Tex. 2004). "A reviewing court must evaluate the whole case from voir dire to closing argument, considering the 'state of the evidence, the strength and weakness of the case, and the verdict.'" *Reliance Steel & Aluminum Co. v. Sevcik,* 267 S.W.3d 867, 871 (Tex. 2008) (*quoting Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 841 (Tex. 1979)). Erroneous admission of evidence is likely harmless if the evidence was cumulative. *Reliance Steel*, 267 S.W.3d at 873. If, on

13

the other hand, the erroneously admitted evidence was crucial to a key issue, the error is likely harmful. *Id.*

Lidia's testimony was cumulative of Anna's. Anna testified that Alfonso assaulted her, that she was afraid and scared, and that she was shaking as she told her mother that Alfonso had touched her private parts. Lidia's testimony repeated this same information. Lidia testified that Anna had told her about the assault that night and that Anna was shaking when she pointed to her body and said Alfonso had touched her.

Alfonso argues the corroborative nature of the testimony causes it to be harmful. But Lidia's testimony was not corroborative in the sense that she independently corroborated the allegations. Lidia was not there. She testified only to what Anna had told her about the events and to Anna's appearance as she disclosed them. Those aspects of Lidia's testimony were cumulative of Anna's testimony. The cumulative nature of the testimony renders it harmless. *See Owens-Corning Fiberglas Corp. v. Malone*, 916 S.W.2d 551, 560–61 (Tex. App.—Houston [1st Dist.] 1996), *aff'd*, 972 S.W.2d 35 (Tex. 1998).

The only aspects of Lidia's testimony that went beyond Anna's were Lidia's statements (1) about her own emotional reaction to learning of the abuse and (2) that Anna said not to touch her during the disclosure of abuse. In our view, neither rises to the level that erroneous admission of the evidence would be held to be harmful.

14

We note, first, that the jury was not asked to determine a damages award for Lidia based on her own experience related to Anna's assault. The jury was asked to determine if an assault occurred and to determine an appropriate damages award for Anna, not Lidia. Second, Anna's testimony established that she was shaking and afraid while talking to Lidia about the assault. In our view, evidence that she also asked not to be touched does not rise to the level to raise a concern that admission of such testimony probably caused rendition of an improper judgment. *See* TEX. R. APP. P. 44.1(a); *Armstrong,* 145 S.W.3d at 144.

In sum, we conclude that Alfonso failed to demonstrate with appropriate citation to the record that the trial court erred in allowing Lidia to testify. Even if the court erred, we would conclude it was harmless. We overrule Alfonso's second issue.

## Incurable Jury Argument

In his third and final issue, Alfonso argues opposing counsel's jury argument was so prejudicial to require reversal even without him having raised an objection to the argument during trial.

If no objection is made at trial, an assertion of incurable jury argument must be raised in a motion for new trial to preserve the issue for appellate review. *See* TEX. R. CIV. P. 324(b)(5); *Arias v. Brookstone, L.P.*, 265 S.W.3d 459, 467 (Tex. App.—Houston [1st Dist.] 2007, pet. denied); *Clark v. Bres*, 217 S.W.3d 501, 509

15

(Tex. App.—Houston [14th Dist.] 2006, pet. denied). Alfonso did not object at trial and did not file a motion for new trial. He did file a motion for judgment notwithstanding the verdict, but that motion did not include a claim of incurable jury argument. This issue has not been preserved for review.

We overrule Alfonso's third issue.

## Conclusion

We affirm.


Sarah Beth Landau
Justice

Panel consists of Justice Keyes, Kelly, and Landau.

Justice Keyes, dissenting.